UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMED ALMUTARREB, et al., | Case No.  15-cv-05207-DMR |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| NATIONSTAR MORTGAGE HOLDINGS, | Re: Dkt. No. 16 |
| Defendant. | |

Defendant Nationstar Mortgage LLC[1] ("Defendant" or "Nationstar") moves the court to dismiss the complaint by Plaintiffs Muhamed and Sophia Almutarreb ("Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6).  Motion to Dismiss [Docket No. 16].  The court held a hearing on the motion on June 9, 2016.  For the reasons stated below, Defendant's motion to dismiss is **granted.**

I.      **FACTUAL BACKGROUND**

The following facts are based on the complaint,  the exhibits attached to the complaint, and judicially noticeable documents.  On December 23, 2004, Plaintiff Muhamed Almutarreb borrowed $280,000 from Home Loan Corporation dba Expanded Mortgage Credit ("Home Loan").[2]  Complaint [Docket No. 1] ¶¶ 9-10; Ex. B at 2.  As security for the loan, Muhamed and Sophia Almutarreb signed a Deed of Trust for the property located at 98 Villa Drive, San Pablo,

---

[1] According to Defendant, Nationstar Mortgage LLC was erroneously sued as "Nationstar Mortgage Holdings, a Corporation."  Nationstar Mortgage LLC "is the entity listed in the chain of title as having a beneficial interest in the Almutarrebs' deed of trust, and therefore it is presumably the entity that the Almutarrebs intend to sue."  Mot. at 1, n.1.  The Assignment of Deed of Trust does in fact name "Nationstar Mortgage, LLC."  Request for Judicial Notice [Docket No. 17], Ex. G.  Plaintiffs do not dispute or acknowledge this fact in their opposition brief.

[2] Plaintiffs originally named Home Loan as a defendant in the case.  Plaintiff filed a voluntary dismissal of Home Loan on May 5, 2016.  [Docket No. 24.]

United States District Court
Northern District of California

California 94806 (the "Villa Drive Property"). Compl., Ex. B (December 23, 2004 Deed of Trust). Plaintiffs allege that Home Loan engaged in unspecified conduct regarding the loan that "amounted to material violations" of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635. Compl. ¶ 14. In August 2013, Nationstar became the beneficiary under the Deed of Trust. Request for Judicial Notice ("RJN") [Docket No. 17], Ex. G (Assignment of Deed of Trust).

On June 8, 2015, Plaintiffs sent correspondence to Home Loan and Nationstar, which Plaintiffs contend were rescission letters pursuant to TILA. Compl. ¶¶ 15-16, Exs. C & D. Both letters stated: "I/WE HEREBY EXERCISE MY/OUR RIGHT/S TO RESCIND THE LOAN TRANSACTION IN ITS ENTIRETY. THE MORTGAGE IS NOW EXTINGUISHED AND YOUR RIGHTS UNDER THE TRUSTEE DEED HAVE BEEN TERMINATED. PLEASE GOVERN YOURSELVES ACCORDINGLY!" Compl., Exs. C & D. Plaintiffs contend that the "Deed of Trust. . .is a void instrument" because Nationstar "failed to respond within 20 days from the date of Plaintiff's [sic] mailing of the letters and all Defendants have failed to file a complaint for Declaratory Relief to attempt to prove that the Plaintiff [sic] did not have the right to rescind the loan." Compl. ¶¶ 17-19.

Plaintiffs filed the instant action seeking quiet title and declaratory relief that the Deed of Trust is void.

## II.     LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock Inc.,* 349 F.3d 1191, 1199–200 (9th Cir. 2003). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation and quotation marks omitted).

When a complaint presents a cognizable legal theory, the court may grant the motion if the complaint lacks "sufficient factual matter to state a facially plausible claim to relief." *Id.* (citing

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  A claim has facial plausibility when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citation omitted).

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'"  *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).  For purposes of Rule 12(b)(6) review, the court reviews documents incorporated into the complaint, as well as judicially noticeable material.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (incorporation by reference); *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1006, 1016 n.9 (9th Cir. 2012) (judicial notice).

"[A] court may take judicial notice of 'matters of public record,'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  The court need not accept as true allegations that contradict facts which may be judicially noticed.  *See Mullis v. United States Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III.    REQUEST FOR JUDICIAL NOTICE

The court first considers Nationstar's unopposed request for judicial notice.  The court takes judicial notice of the Assignment of the Deed of Trust.  RJN, Ex. G.  Under Federal Rule of Evidence 201(b), publicly-recorded real estate instruments and notices, including deeds of trust and default and foreclosure notices, are the proper subject of judicial notice, unless their

United States District Court
Northern District of California

3

1    authenticity is subject to reasonable dispute.  *Disabled Rights Action Comm. v. Las Vegas Events,*

2    *Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004); *Petrovich v. Ocwen Loan Servicing, LLC*, No. 15-CV-

3    00033-EMC, 2016 WL 555959, at *3 (N.D. Cal. Feb. 12, 2016) (taking judicial notice of

4    assignment of deed of trust).

5         The court declines to take judicial notice of Exhibits A through F.[3]  The court does not rely

6    on those exhibits in reaching its decision, and therefore denies the request as moot.

7    **IV.    ANALYSIS**

8         Plaintiffs' two claims for relief – for quiet title and declaratory relief – are based on the

9    assumption that their June 2015 letters operated under TILA as a rescission of their underlying

10   2004 loan agreement.  Compl. ¶¶ 15-16, 25-27, 33.  Plaintiffs assert that as a result of the

11   rescission, they now own the Villa Drive Property outright because the Deed of Trust securing

12   their 2004 loan is void.

13        Nationstar moves to dismiss Plaintiffs' complaint on the basis that no TILA rescission took

14   place as a matter of law and, for this reason, Plaintiffs' entire complaint fails to state a claim for

15   relief.  Nationstar argues that Plaintiffs' letters did not effect a rescission under TILA because the

16   letters were untimely.  Nationstar also argues that a TILA rescission is only permitted for

17   mortgage loans secured by a borrower's primary dwelling, and the Villa Drive Property was not

18   the Plaintiffs' primary residence when they sent the purported rescission letters.  Finally,

19   Nationstar argues that, even construing the June 2015 letters as timely rescission letters, they were

20   ineffective because Plaintiffs failed to offer tender at the same time.

21        "Congress passed [TILA] to help consumers 'avoid the uninformed use of credit, and to

22   protect the consumer against inaccurate and unfair credit billing.'" *Jesinoski v. Countrywide Home*

23   *Loans, Inc.*, 135 S. Ct. 790, 791-92 (2015) (quoting 15 U.S.C. § 1601(a)).  "[I]n the case of any

24

25   [3] Nationstar's Exhibits A through F are: A) a copy of an Adjustable Rate Note, dated December
     23, 2004; B) a Voluntary Chapter 13 Petition filed on April 9, 2014, signed by Muhamed
26   Almutarreb; C) a Voluntary Chapter 13 Petition, filed on July 8, 2014, signed by Muhamed
     Almutarreb; D) a Voluntary Chapter 13 Petition, filed on October 9, 2014, signed by Sophia
27   Almutarreb; E) a Voluntary Chapter 13 Petition, filed on January 12, 2015, signed by Sophia
     Almutarreb; and F) a Voluntary Chapter 13 Petition filed on March 21, 2015, signed by Muhamed
28   Almutarreb.

United States District Court
Northern District of California

consumer credit transaction . . . in which a security interest . . . is . . . acquired in any property which is used as the principal dwelling of the person to whom credit is extended," the borrower has the power to rescind the transaction "until midnight of the third business day following the consummation of the transaction. . . ." 15 U.S.C. § 1635(a). Thus, TILA "grants borrowers an unconditional right to rescind for three days, after which they may rescind only if the lender failed to satisfy the Act's disclosure requirements," in which case the right of rescission extends to three years after the date of consummation of the transaction. *Jesinoski*, 135 S. Ct. at 792; 15 U.S.C. § 1635(f).

A borrower's right to seek rescission under TILA is subject to a three-year statute of repose. 15 U.S.C. § 1635(f). Any attempt to rescind more than three years after the date of the "consummation of the transaction" is absolutely time-barred. *Jesinoski*, 135 S. Ct. at 792; *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) ("§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period."). Because section 1635(f) is a statute of repose, it is not subject to tolling. *See McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1329-30 (9th Cir. 2012), *abrogated on other grounds by Jesinoski*, 132 S. Ct. at 792; *see also Sotanski v. HSBC Bank USA, Nat'l Assoc.*, No. 15-CV-01489, 2015 WL 4760506, at *6 (N.D. Cal. Aug. 12, 2015), *appeal filed*, No. 15-16798 (9th Cir. Sept. 10, 2015) (equitable tolling does not apply to section 1635(f)'s deadline).

To rescind a home-secured loan, a borrower must send the lender a written notice of rescission. 15 U.S.C. § 1635(a); *Jesinoski*, 135 S. Ct. at 792. Once a borrower has rescinded the loan, the lender must "return to the [borrower] any money or property given as earnest money, downpayment, or otherwise . . . and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." 15 U.S.C. § 1635(b). "Upon the performance of the creditor's obligations . . . the [borrower] shall tender the property to the [lender], except that if return of the property in kind would be impracticable or inequitable, the [borrower] shall tender its reasonable value." *Id.* "If the [lender] does not take possession of the property within 20 days after tender by the [borrower], ownership of the property vests in the [borrower] without obligation on his part to pay for it." *Id.*

United States District Court
Northern District of California

1    In this case, as a practical matter, if Plaintiffs did not rescind the loan through their June

2    2015 TILA rescission letters then Plaintiffs have no plausible argument that the Deed of Trust is

3    void and no right to seek relief through this lawsuit.  The complaint itself reveals that Plaintiffs'

4    purported TILA rescission letters are time-barred.  As discussed above, TILA provides the

5    borrower with an unconditional right to rescind a loan for any reason within three days of

6    consummation of the loan.  The rescission deadline extends to three years if the lender failed to

7    satisfy TILA's disclosure requirements.[4]  Plaintiffs sent the purported rescission letters on June 8,

8    2015.  Therefore, giving Plaintiffs every benefit of the doubt, in order for the rescission letters to

9    have been timely, the loan had to be consummated no earlier than June 8, 2012.

10    "Consummation means the time that a consumer becomes contractually obligated on a

11    credit transaction." *Monaco v. Bear Stearns Residential Mortg. Corp.*, 554 F. Supp. 2d 1034, 1039

12    (C.D. Cal 2008) (citation omitted); 12 C.F.R. § 226.2(a)(13).  State law controls whether and

13    when a consumer has become contractually obligated under TILA.  *Jackson v. Grant*, 890 F.2d

14    118, 120 (9th Cir. 1989).  Under California law, contractual obligation inheres when the parties

15    are capable of consenting and there is consent, a lawful object, and a sufficient cause or

16    consideration.  *See* Cal. Civ. Code § 1550.

17    Here, Plaintiffs became contractually obligated on a credit transaction when they entered

18    into the loan on or around December 23, 2004, which was secured by the Deed of Trust on

19    December 23, 2004.  *See* Deed of Trust [Compl., Ex. B] at 2 ("'Note' means the promissory note

20    signed by Borrower and dated December 23, 2004.  The Note states that Borrower owes Lender

21    TWO HUNDRED EIGHTY THOUSAND and NO/100----- Dollars (U.S. $280,000.00) plus

22    interest.  Borrower had promised to pay this debt in regular Periodic Payments and to pay the debt

23

24    [4] As currently pleaded, the complaint does not support the applicability of a three-year rather than
three-day statute of limitations. "Plaintiffs allege that Defendant Home Loan Corporation's
25    Conduct [sic] amounted to material violations of the Truth and [sic] Lending Act- TILA § 1635."
Compl. ¶ 14.  This conclusory statement, completely unsupported by any factual allegations, is
26    insufficient to allege a violation of TILA's disclosure requirements.  *See Bell Atl. Corp. v.
Twombly*, 550 U.S. 554, 555 (2007) ("While a complaint . . . does not need detailed factual
27    allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires
more than labels and conclusions.") (citations omitted); *Iqbal*, 556 U.S. at 679 ("While legal
28    conclusions can provide the framework of a complaint, they must be supported by factual
allegations.")

United States District Court
Northern District of California

in full not later than January 1, 2035.") (emphasis omitted); *see also Larson v. California Fed. Bank*, 76 F.3d 387 (9th Cir. 1996) (unpublished opinion) (holding that "the loan agreement between [plaintiffs] and [defendant-Bank] was consummated October 26, 1990," the date plaintiffs signed loan documents including a loan commitment letter, promissory note, and a deed of trust.); *Ghalehtak v. FNBN I, LLC*, No. 15-CV-05821-LB, 2016 WL 2606664, at *4 (N.D. Cal. May 6, 2016) (date of "consummation" under TILA date was the date plaintiffs refinanced their home mortgage).

Plaintiffs' loan consummated on December 23, 2004; their right to rescind the loan expired three years later at the latest, in December 2007.  Plaintiffs sent their purported rescission letters in June 2015, more than seven years beyond the expiration date.  Their attempted rescission is therefore ineffective.  *See Beach*, 523 U.S. at 412 ("[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period."); *Ghalehtak*, 2016 WL 2606664, at *4; *Powell v. Wells Fargo Home Mortg.*, No. 14-CV-04248-MEJ, 2015 WL 4719660, at *14 (N.D. Cal. Aug. 7, 2015).

In an attempt to keep open the possibility of a timely rescission, Plaintiffs asserted in their opposition brief that the date of consummation "is a question of fact that is subject to dispute," and that "[i]t is entirely possible that the loan was consummated at a date after 2005."  Plaintiffs' Opposition [Docket No. 27] at 2, 5.  In light of this assertion, the court ordered Plaintiffs' counsel to come to the June 9, 2016 hearing prepared to proffer specific facts that Plaintiffs could allege to support an argument that the loan was consummated at any point other than the December 2004 date of the Deed of Trust.  [Docket No. 30.]  Plaintiffs' sole proffer was that the subject loan transaction was "table-funded," which means that Home Loan was listed as the lender, but the funds for the loan came from another source.  Plaintiffs' counsel argued that the loan therefore was not consummated upon signing of the note and Deed of Trust.

Plaintiffs did not provide any authority for their position, nor could the court find any.  Indeed, "district courts have unanimously found that a lender's use of an undisclosed third party to complete a secured transaction is insufficient to preclude consummation under TILA."  *Mohanna v. Bank of Am., N.A.*, No. 16-CV-01033-HSG, 2016 WL 1729996, at *5 (N.D. Cal. May 2, 2016)

1   (collecting cases); *see also Ghalehtak*, 2016 WL 2606664, at *4 (holding that mortgage

2   transaction was consummated under TILA where a lender was identified on the face of the

3   contract, even if that lender did not ultimately fund the loan).

4        Plaintiffs' claims for quiet title and declaratory relief rest entirely on the assumption that

5   they rescinded their 2004 loan through their June 2015 TILA rescission letters.  The untimeliness

6   of those purported rescission letters is apparent from the face of the complaint, and Plaintiffs were

7   unable to proffer any facts that would support a different conclusion.  As leave to amend would be

8   futile, the court grants Defendant's motion to dismiss with prejudice.  The court does not reach

9   Nationstar's additional arguments that the Subject Property was not the Plaintiffs' principal

10  dwelling and that Plaintiffs failed to allege tender.

## V.   CONCLUSION

     Plaintiffs' complaint is dismissed with prejudice.  The Clerk is instructed to close this case.

**IT IS SO ORDERED.**

Dated: June 20, 2016

_____
Donna M. Ryu
United States Magistrate Judge

United States District Court
Northern District of California